UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. H-12-0064 |
| MOHAMMAD KHAN, | § § | |
| Defendant. | § § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Laura M.K. Cordova, Trial Attorney for the United States Department of Justice, and the defendant, Mohammad Khan ("Khan"), and the defendant's counsel, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. The defendant agrees to plead guilty to Counts One through Seven of the indictment. Count One charges the defendant with conspiracy to commit healthcare fraud, in violation of Title 18, United States Code, Section 1349. Count Two charges the defendant with conspiracy to defraud the United States and to pay health care kickbacks, in violation of Title 18, United States Code, Section 371. Counts Three through Seven charge the defendant with paying and offering to pay health care kickbacks in violation of Title 42, United States Code, Section 1320a-7b(b)(2) and Title 18, United States Code, Section 2. By entering this plea, the defendant agrees that he is waiving any right to have the facts that the law makes essential to the punishment charged in the indictment, proven to a jury or proven beyond a reasonable doubt.

2. The defendant agrees that the relevant amount of intended loss under Section 2B1.1(b)(1) of the *United States Sentencing Commission Guidelines Manual* ("Sentencing Guidelines") resulting from the offense committed in this case is between $100 million and $200 million. This amount is derived from the evidence showing that the defendant, in his capacity as an assistant administrator at Riverside General Hospital, fraudulently billed Medicare for partial hospitalization program services in the amount of approximately $116 million. The defendant agrees that he should receive a 26-level enhancement for the relevant amount of intended loss under Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed in this case totaling $116 million.

3. The defendant agrees that he should receive a four-level enhancement under Section 2B1.1(b)(8) of the Sentencing Guidelines because the loss under subsection (b)(1) to a government health care program was more than $20 million.

4. The defendant agrees that he should receive a two-level enhancement for sophisticated means under Section 2B1.1(b)(10)(C) of the Sentencing Guidelines.

5. The defendant agrees that he should receive a four-level enhancement based on his role in the offense for being an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive under Section 3B1.1 of the Sentencing Guidelines.

6. The defendant agrees that he will be jointly and severally liable with all other defendants to pay the United States $31,324,243 as restitution.

**Punishment Range**

7. The *statutory* maximum penalty for each violation of Title 18, United States Code, Section 1349 is imprisonment for not more than ten years and a fine of not more than $250,000 or twice the pecuniary gain or loss from the scheme. Additionally, the defendant may

receive a term of supervised release after imprisonment of up to three years. 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2).

8. The *statutory* maximum penalty for each violation of Title 18, United States Code, Section 371 is imprisonment for not more than five years and a fine of not more than $250,000 or twice the pecuniary gain or loss from the scheme. Additionally, the defendant may receive a term of supervised release after imprisonment of up to three years. 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2).

9. The *statutory* maximum penalty for each violation of Title 42, United States Code, Section 1320a-7b(b)(2) is imprisonment for not more than five years and a fine of not more than $25,000. Additionally, the defendant may receive a term of supervised release after imprisonment of up to three years. 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2).

10. The defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then the defendant may be imprisoned for the entire term of supervised release up to two years, without credit for time already served on the term of supervised release prior to such violation. 18 U.S.C. §§ 3559(a)(3) and 3583(e)(3). The defendant understands that he cannot have the imposition or execution of the sentence suspended and that he is not eligible for parole.

## Mandatory Special Assessment

11. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, the defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Fine and Reimbursement

12. The defendant understands that under the Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any is ordered.

13. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and the defendant will not attempt to avoid or delay payment.

14. The defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of the defendant's sentence, the defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his sentencing. Further, the defendant agrees to full restitution to the victim(s) regardless of the counts of conviction.

### Cooperation

15. The parties understand that this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Department of Justice, Criminal Division, Fraud Section. Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines. The defendant further agrees to persist in his plea of guilty through sentencing, fully cooperate with the United States and not to oppose the forfeiture of assets contemplated in paragraphs twenty-seven and twenty-eight of this

agreement. The defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

16. The defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to the defendant, including but not limited to healthcare fraud. The defendant understands that such information includes both state and federal offenses arising from any such criminal activity. In that regard:

    a. The defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas, the United States Department of Justice, Criminal Division, Fraud Section, and the defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

    b. The defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States; the defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

    c. The defendant agrees to voluntarily attend any interviews and conferences the United States may request;

    d. The defendant agrees to provide truthful, complete and accurate information and testimony and understands that any false statements made by the defendant to a grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney may be prosecuted under the appropriate perjury, false statement or obstruction statutes;

    e. The defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation;

    f. The defendant agrees to make a full and complete disclosure of all assets over which he exercises direct or indirect control or in which he has any financial interest; and

    g. Should the recommended departure, *if any*, not meet the defendant's expectations, the defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal

17. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal both the sentence imposed and the manner in which it was determined. The defendant may appeal *only* a sentence imposed above the statutory maximum. Additionally, the defendant is aware that Title 28, United States Code, Section 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of *any* post-conviction proceeding.

18. In agreeing to these waivers, the defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise and that any such estimate ***did not induce his guilty plea*** and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. The defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, the defendant understands that although the Court must consult the Sentencing Guidelines and must take them into account when sentencing the defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence the defendant within the calculated guideline range.

19. The defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea

agreement. **If the defendant instructs his attorney to file a notice of appeal at the time sentence is imposed or at any time thereafter, the United States will seek specific performance of these provisions.**

### The United States' Agreements

20. The United States agrees to each of the following:

   a. At the time of sentencing, the United States agrees not to oppose the defendant's anticipated request to the Court and the United States Probation Office that he receive a two-level downward adjustment pursuant to Sentencing Guidelines, Section 3E1.1(a) should the defendant accept responsibility as contemplated by the Sentencing Guidelines;

   b. If the defendant qualifies for an adjustment under Sentencing Guidelines, Section 3E1.1(a), the offense level determined prior to the operation of 3E1.1(a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate resources efficiently, the United States agrees to request an additional one-level downward adjustment;

   c. The United States agrees that the relevant amount of intended loss under Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed in this case is between $100 million and $200 million; this amount is derived from the evidence showing that the defendant, in his capacity as an assistant administrator of Riverside General Hospital, fraudulently billed Medicare for PHP services in the amount of approximately $116 million; and

   d. If the defendant fulfills his obligations under this plea agreement, the United States agrees to recommend a sentence at the low end of the applicable sentencing guideline range, after any reduction based upon the defendant's substantial assistance.

### United States' Non-Waiver of Appeal

21. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

a. To bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

b. To set forth or dispute sentencing factors or facts material to sentencing;

c. To seek resolution of such factors or facts in conference with the defendant's counsel and the Probation Office;

d. To file a pleading relating to these issues, in accordance with Sentencing Guidelines, Section 6A1.2 and Title 18, United States Code, Section 3553(a); and

e. To appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

22. The defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). The defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which the defendant pleads guilty and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. The defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute or should the Court order any or all of the sentences imposed to run consecutively, the defendant cannot, for that reason alone, withdraw a guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

23. The defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. The defendant understands that by entering into this agreement, he

surrenders certain rights as provided in this plea agreement. The defendant understands that the rights of a defendant include the following:

    a.    If the defendant persisted in a plea of not guilty to the charges, the defendant would have the right to a speedy jury trial with the assistance of counsel; the trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree;

    b.    At a trial, the United States would be required to present witnesses and other evidence against the defendant; the defendant would have the opportunity to confront those witnesses, and his attorney would be allowed to cross-examine them; in turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf; if the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court; and

    c.    At a trial, the defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify; however, if the defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

24. The defendant is pleading guilty because he *is* guilty of the charges contained in Counts One through Seven of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offenses charged in the Indictment beyond a reasonable doubt. The following facts, among others would be offered to establish the defendant's guilt:

From in or around January 2008, through in or around February 8, 2012, Khan conspired with others to commit healthcare fraud, in violation of Title 18, United States Code, Section 1349. Medicare is a "health care benefit program" of the United States, as defined by Title 18, United States Code, Section 24. Furthermore, Medicare is a healthcare benefit program affecting commerce.

Khan was the Assistant Administrator of Riverside General Hospital ("Riverside"), overseeing Riverside's PHP operations. Riverside maintained a valid Medicare provider number

that was used to submit claims to Medicare for PHP services that were not medically necessary, and in some cases, never provided. Many of the beneficiaries for whom Riverside submitted claims to Medicare for PHP services did not have severe mental illness and did not need the level of intense treatment provided in a PHP. Khan controlled the day-to-day operations of Riverside's PHPs. Khan paid and caused the payment of kickbacks to recruiters and owners of assisted living facilities and group care homes in exchange for recruiters and owners of ALFs and group care homes sending Medicare beneficiaries to Riverside's PHPs. Khan paid and caused the payment, in the form of cigarettes, food and coupons redeemable for items available at Riverside's "country stores" to Medicare beneficiaries in exchange for those beneficiaries attending Riverside's PHPs.

In May 2011, Khan paid and caused the payment of approximately $5,000 to Recruiter #1 in exchange for Recruiter #1 referring Medicare beneficiaries to Riverside for PHP services.

In May 2011, Khan paid and caused the payment of approximately $3,900 to Group Home #1 in exchange for Group Home #1 sending Medicare beneficiaries to Riverside for PHP services.

In June 2011, Khan paid and caused the payment of approximately $5,000 to Recruiter #1 in exchange for Recruiter #1 referring Medicare beneficiaries to Riverside for PHP services.

On or about June 14, 2011, Khan offered to pay an undercover FBI agent $5,000 in exchange for sending Medicare beneficiaries to Riverside for PHP services.

In August 2011, Khan agreed to pay Recruiter #2 more than $300 for each Medicare beneficiary Recruiter #2 referred to Riverside for PHP services.

Between January 2008 and August 2011, Riverside billed Medicare between $100 million and $200 million for PHP services that were not medically necessary and in some cases, never provided.

The defendant's criminal acts took place in the Houston Division of the Southern District of Texas.

## Breach of Plea Agreement

25. If the defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time the defendant retains, conceals or disposes of assets in violation of this plea agreement or if the defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by the defendant, whether prior to or subsequent to this plea agreement, and all leads derived from such information or documents, will be used against the defendant in any prosecution.

26. Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States Department of Justice, Criminal Division, Fraud Section, whose judgment in that regard is final.

## Forfeiture

27. This plea agreement is being entered into by the United States on the basis of the defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control or in which he has any financial interest.

28. The defendant consents to any agreed order of forfeiture or judgment and further agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not limited to, surrendering of title, signing a consent decree, stipulating facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. If any of the property described in the forfeiture or judgment, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant agrees that the United States shall be entitled to forfeiture of substitute property, and the defendant further agrees to take all steps necessary to pass clear title of the substitute assets to the United States.

## Complete Agreement

29. This written plea agreement, consisting of fourteen pages, including the attached addendum of the defendant and his attorney, constitutes the complete plea agreement between the United States, the defendant and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. The defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

30.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at ___Houston___, Texas, on ___February 22___, 2012.

_____
Mohammad Khan
Defendant

Subscribed and sworn to before me on ___February 22___, 2012.

UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

KENNETH MAGIDSON
United States Attorney

By: _____          _____
Laura M.K. Cordova                                         Wayman L. Prince
Trial Attorney                                                   Attorney for Defendant Mohammad Khan
U.S. Department of Justice
Criminal Division, Fraud Section

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. H-12-64 |
| MOHAMMAD KHAN, | § § | |
| Defendant. | § § | |

PLEA AGREEMENT - ADDENDUM

I have fully explained to the defendant his rights regarding the pending indictment. I have reviewed the provisions of the *United States Sentencing Commission's Guidelines Manual* ("Sentencing Guidelines"), and I have fully and carefully explained to the defendant the provisions of those guidelines that may apply in this case. I have also explained to the defendant that the Sentencing Guidelines are only advisory and the Court may sentence the defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____   2-22-012
Wayman L. Prince                  Date
Attorney for Defendant Mohammad Khan

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement, and I voluntarily agree to its terms.

_____  	2/22/12
Mohammad Khan                    	Date
Defendant