IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-12-064 |
| | § | |
| MOHAMMAD KHAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant, Mohammad Khan's, Motion to Set Aside Plea and/or Notice of Appeal (Docket Entry No. 50). The United States has filed a Response in Opposition to Mohammad Khan's Motion to Set [Aside] Plea of Guilty (Docket Entry No. 58).

On February 22, 2012, Khan appeared before the court and entered a plea of guilty to Counts One through Seven of the Indictment[1] pursuant to a written agreement with the United States.[2] The plea agreement stated:

> 15. The parties understand that this agreement carries the potential for a motion for departure under

---

[1]Transcript of Rearraignment, Docket Entry No. 20, p. 20. Count One charges the defendant with conspiracy to commit healthcare fraud, in violation of Title 18 United States Code, Section 1349. Count Two charges the defendant with conspiracy to defraud the United States and to pay health care kickbacks, in violation of Title 18, United States Code Section 371. Counts Three through Seven charge the defendant with paying and offering to pay health care kickbacks in violation of Title 42, United States Code, Section 1320a-7b(b)(2) and Title 18, United States Code Section 2.

[2]Plea Agreement, Docket Entry No. 16.

Section 5K1.1 of the Sentencing Guidelines. The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Department of Justice, Criminal Division, Fraud Section. Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines.

At Khan's rearraignment the court advised him as follows:

THE COURT: Mr. Khan, before I can accept your guilty plea, I must ask you a number of questions. It is very important that you listen carefully to all of my questions and that you answer all of my questions truthfully and completely for several reasons.

First, since you are now under oath, if you gave an untrue answer to a question, you could be charged with the separate crime of perjury. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Also, before I can accept your guilty plea, I must make a number of findings. My findings are based on your answers to my questions. In order for my findings to be correct, it is, therefore, necessary that all of your answers be truthful and complete. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: If you do not understand anything that I say this afternoon, will you ask we to repeat or explain whatever you do not understand? Would you agree to do that?

THE DEFENDANT: Yes.

THE COURT: Also, you may stop at any time and speak with your attorney. You do not need anyone's permission to speak with your attorney.

        Let me emphasize to you the importance of providing truthful and complete answers to my questions this afternoon. Sometimes after a defendant has been sentenced, he will file a motion or will write the Court a letter saying that the answers he gave at his rearraignment were not truthful or were not complete.

        You need to understand that I'm going to rely, both today and at all times in the future, on the answers that you give me today. If you should ever in the future say anything that is different from what you have told me today, I will disregard that future statement and rely only on what you have told me today. Do you understand that?

THE DEFENDANT: Yes.

        . . .

THE COURT: Has your attorney discussed with you the charges against you and what the Government would have to prove to establish your guilt to those charges?

THE DEFENDANT: Yes.

THE COURT: Has your attorney discussed with you the evidence that the Government has against you?

THE DEFENDANT: Yes.

THE COURT: Has your attorney discussed with you how the Federal Advisory Sentencing Guidelines might apply in this case?

THE DEFENDANT: Yes.

THE COURT: Has your attorney answered all of your questions?

THE DEFENDANT: Yes.

THE COURT: Has he done everything that you have asked him to do?

THE DEFENDANT: Yes.

THE COURT: Are you fully satisfied with the advice and counsel that your attorney has provided you?

THE DEFENDANT: Yes.

THE COURT: You do not have to plead guilty. You have the right to go to trial. If you went to trial, you would have [the] right to the assistance of an attorney. And if you could not afford an attorney, in certain situations the Court could appoint an attorney for you.

You would have the right to see and hear the Government's witnesses and have your attorney question them. You would have the right to compel other people to come into court and provide evidence. You would not be required to testify. And you could not be convicted unless the jury unanimously found beyond a reasonable doubt that you were guilty.

If you plead guilty today, however, there will not be a trial and you will give up the right to a trial and all the protections that are associated with a trial. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: The offense that you are pleading guilty to is a felony. That means you will lose the right to vote, to hold public office, to serve on a jury, and to possess a firearm.

As to Count 1, the maximum sentence that you face if you plead guilty is ten years in prison and a fine of $250,000 and three years of supervised release and a $100 special assessment and restitution.

As to Count 2, the maximum sentence you face is five years in prison and a fine of $250,000 and three years of supervised release and a $100 special assessment and restitution.

|||
|---|---|
| | As to Counts 3 through 7, the maximum sentence that you face is five years in prison and a fine of $25,000 and three years of supervised release and a $100 special assessment for each count and restitution. |
| | Do you understand that those are the potential consequences of a guilty plea? |
| THE DEFENDANT: | Yes. |

. . .

|||
|---|---|
| THE COURT: | No determination has been made about what your sentence will be. If I accept your guilty plea, a probation officer will interview you, investigate the facts of the case, and prepare a presentence investigation report. You will have a chance to read the report and to discuss it with your attorney before your sentencing. You may file objections to the presentence report if you wish. At the time of your sentencing, I will rule on any objections that you or the Government may have to the presentence report. I will then determine your advisory guideline range and your sentence. |
| | What you need to understand today about this process of determining your sentence is that this process has not yet begun. That means no [one] knows what advisory guideline range the probation officer will recommend or what advisory guideline range I will find applicable or what sentence I will impose. Do you understand that? |
| THE DEFENDANT: | Yes. |
| THE COURT: | If the sentence that I should impose is greater than what you now expect or greater than the sentence that your lawyer or anyone else may have predicted, you will be bound by your guilty plea today regardless of your sentence. You will not be allowed to change your mind and withdraw your guilty plea because you are not satisfied with your sentence. Do you understand that? |

THE DEFENDANT: Yes.

. . .

THE COURT: Mr. Khan, I want to go over the essential elements of the agreement with you now just to be sure that you understand all of it, the elements of the plea agreement.

. . .

THE COURT: In Paragraph 15, the parties state that the agreement carries with it the potential of a motion for downward departure under Section 5K1.1 of the Sentencing Guidelines. However, the defendant understands and agrees that whether such a motion is filed will be determined solely by the United States Government based on its judgment about whether the Government (sic) has provided substantial assistance.

Mr. Khan, what you need to understand about this provision of the plea agreement is, if the Government should decide not to file a motion for downward departure, there is nothing that you can do about it. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Pardon?

THE DEFENDANT: Yes.

. . .

THE COURT: Now, other than the factual basis for your guilty plea, which I will discuss in a minute, have I correctly described your plea agreement with the Government as you understand it?

THE DEFENDANT: Yes.

THE COURT: Other than what is stated in this plea agreement, has the United States Government made any promises to you in connection with your guilty plea?

THE DEFENDANT: No.

-6-

> THE COURT: Has anyone threatened you or forced you to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone promised you what sentence you will receive if you plead guilty?
>
> THE DEFENDANT: No.

Transcript of Rearraignment, Docket Entry No. 20, p. 4 line 24 to p. 6 line 8; p. 9 line 1 to p. 12 line 15; p. 13 lines 19-21; p. 15 lines 2-15; and p. 17 lines 10-24.

The government declined to file a motion for downward departure because it concluded that it could not present credible testimony from Khan against the defendants in a related case. The Presentence Investigation Report calculated Khan's Total Offense Level as 43 and his Criminal History Category as I, which resulted in an advisory guideline range of life in prison. (Docket Entry No. 41) Because statutory caps applied to the counts of conviction, the court imposed a below-guideline sentence of forty (40) years in prison. (Judgment in a Criminal Case, Docket Entry No. 48)

Khan has not asserted any grounds for withdrawing his plea. Federal Rule of Criminal Procedure 11(e) states that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." The government's response addresses Khan's motion as if it were governed by Federal Rule of Criminal Procedure 11(d)(2)(B). Had Khan moved to withdraw his

plea before sentencing, his motion would be governed by that rule. Rule 11(d)(2)(B) states that a defendant may withdraw a plea of guilty after the court accepts the plea if the defendant "can show a fair and just reason for requesting the withdrawal."

In determining whether the defendant has shown a fair and just reason for withdrawal a court should consider the seven factors set out by the Fifth Circuit in United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). The seven factors are: (1) whether the defendant has asserted his innocence, (2) whether allowing the defendant to withdraw his guilty plea would prejudice the government, (3) whether the defendant has delayed in filing the withdrawal motion, (4) whether withdrawal would substantially inconvenience the court, (5) whether adequate assistance of counsel was available, (6) whether the plea was knowing and voluntary, and (7) whether the withdrawal would waste judicial resources. Carr, 740 F.2d at 343-44. The court is not required to make findings as to each of the Carr factors, and no one factor, alone, is dispositive. United States v. Lampazianie, 251 F.3d 519, 524 (5th Cir. 2001) (citing United States v. Badger, 925 F.2d 101, 104 (5th Cir. 1991)). The court must make its determination based on the "totality of the circumstances." Id. (citing Carr, 740 F.2d at 344). In this case all of the Carr factors support the denial of Khan's motion to withdraw his guilty plea.

As to the first Carr factor, Khan does not allege that he is innocent of the crimes to which he has pleaded guilty. Second, the

government would suffer prejudice if the motion were granted. The case was filed over three years ago, and the passage of time often causes memories of witnesses to fade and makes it more difficult for the government to locate witnesses. Third, the defendant waited more than three years after his rearraignment to file his motion, filing it only after his sentence was imposed. Fourth, given the court's docket and the time the court has already devoted to Khan's case, allowing him to withdraw his plea would substantially inconvenience the court. Fifth, the defendant received adequate assistance from a very competent defense counsel. The defendant testified that he met with counsel six or seven times and discussed the evidence against him as well as the government's burden of proof before entering his guilty plea. Sixth, the court found at the rearraignment that Khan's plea was knowing and voluntary. Finally, the withdrawal would waste judicial resources.

Because pursuant to Rule 11(e) Khan has no right to now withdraw his guilty plea, and because even applying the more liberal criteria of Rule 11(d)(2)(B) none of the Carr factors support Khan's motion, his Motion to Set Aside Plea and/or Notice of Appeal (Docket Entry No. 50) is **DENIED**.

Khan's Motion to Proceed In Forma Pauperis (Docket Entry No. 59) is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 2nd day of July, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE