United States District Court
Southern District of Texas
**ENTERED**
March 07, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-16-2989 |
| v. | § | CRIMINAL NUMBER H-12-064 |
| | § | |
| MOHAMMAD KHAN, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Defendant, Mohammad Khan, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 75). The United States has filed a Motion to Dismiss U.S.C. § 2255 Motion and, in the Alternative, Response in Opposition to § 2255 Motion ("Motion to Dismiss") (Docket Entry No. 88). Although the Motion to Dismiss was filed on January 9, 2017, Khan has not responded to it. Having carefully reviewed the defendant's § 2255 Motion, the government's Motion to Dismiss, and the Affidavit of Wayman L. Prince, Attorney at Law, in Response to the Verified Petition of Mohammad Khan, Pro Se ("Prince Affidavit") (Docket Entry No. 85), the court concludes that the government's Motion to Dismiss should be granted.

Khan was charged in a seven-count indictment. Count One charged Khan with conspiracy to commit healthcare fraud in

violation of Title 18 United States Code, Section 1349. Count Two charged Khan with conspiracy to defraud the United States and to pay healthcare kickbacks in violation of Title 18, United States Code Section 371. Counts Three through Seven charge Khan with paying and offering to pay healthcare kickbacks in violation of Title 42, United States Code, Section 1320a-7b(b)(2) and Title 18, United States Code Section 2.[1]

Khan alleges that his trial attorney provided ineffective assistance of counsel during plea negotiations by not investigating the case or reviewing discovery and by giving erroneous legal advice concerning the sentence that Khan would receive.

On February 22, 2012, Khan appeared before the court and entered a plea of guilty to all seven counts of the Indictment pursuant to a written agreement with the United States.[2] The Plea Agreement (Docket Entry No. 16) stated:

> 15. The parties understand that this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Department of Justice, Criminal Division, Fraud Section. Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines.
>
> . . .

---

[1]Indictment, Docket Entry No. 1.

[2]Transcript of Rearraignment, Docket Entry No. 20, p. 20.

17. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal both the sentence imposed and the manner in which it was determined. The defendant may appeal <u>only</u> a sentence imposed above the statutory maximum. Additionally, the defendant is aware that Title 28, United States Code, Section 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of **any** post-conviction proceeding.

At Khan's rearraignment the court advised him as follows:

THE COURT: Mr. Khan, before I can accept your guilty plea, I must ask you a number of questions. It is very important that you listen carefully to all of my questions and that you answer all of my questions truthfully and completely for several reasons.

First, since you are now under oath, if you gave an untrue answer to a question, you could be charged with the separate crime of perjury. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Also, before I can accept your guilty plea, I must make a number of findings. My findings are based on your answers to my questions. In order for my findings to be correct, it is, therefore, necessary that all of your answers be truthful and complete. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: If you do not understand anything that I say this afternoon, will you ask we to repeat or explain whatever you do not understand? Would you agree to do that?

THE DEFENDANT: Yes.

THE COURT: Also, you may stop at any time and speak with your attorney. You do not need

          anyone's permission to speak with your attorney. Let me emphasize to you the importance of providing truthful and complete answers to my questions this afternoon. Sometimes after a defendant has been sentenced, he will file a motion or will write the Court a letter saying that the answers he gave at his rearraignment were not truthful or were not complete.

          You need to understand that I'm going to rely, both today and at all times in the future, on the answers that you give me today. If you should ever in the future say anything that is different from what you have told me today, I will disregard that future statement and rely only on what you have told me today. Do you understand that?

THE DEFENDANT: Yes.

          . . .

THE COURT: Has your attorney discussed with you the charges against you and what the Government would have to prove to establish your guilt to those charges?

THE DEFENDANT: Yes.

THE COURT: Has your attorney discussed with you the evidence that the Government has against you?

THE DEFENDANT: Yes.

THE COURT: Has your attorney discussed with you how the Federal Advisory Sentencing Guidelines might apply in this case?

THE DEFENDANT: Yes.

THE COURT: Has your attorney answered all of your questions?

THE DEFENDANT: Yes.

THE COURT: Has he done everything that you have asked him to do?

THE DEFENDANT: Yes.

THE COURT: Are you fully satisfied with the advice and counsel that your attorney has provided you?

THE DEFENDANT: Yes.

THE COURT: You do not have to plead guilty. You have the right to go to trial. If you went to trial, you would have [the] right to the assistance of an attorney. And if you could not afford an attorney, in certain situations the Court could appoint an attorney for you.

You would have the right to see and hear the Government's witnesses and have your attorney question them. You would have the right to compel other people to come into court and provide evidence. You would not be required to testify. And you could not be convicted unless the jury unanimously found beyond a reasonable doubt that you were guilty.

If you plead guilty today, however, there will not be a trial and you will give up the right to a trial and all the protections that are associated with a trial. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: The offense that you are pleading guilty to is a felony. That means you will lose the right to vote, to hold public office, to serve on a jury, and to possess a firearm.

As to Count 1, the maximum sentence that you face if you plead guilty is ten years in prison and a fine of $250,000 and three years of supervised release and a $100 special assessment and restitution.

As to Count 2, the maximum sentence you face is five years in prison and a fine of $250,000 and three years of supervised release and a $100 special assessment and restitution.

                As to Counts 3 through 7, the maximum sentence that you face is five years in prison and a fine of $25,000 and three years of supervised release and a $100 special assessment for each count and restitution.

                Do you understand that those are the potential consequences of a guilty plea?

THE DEFENDANT: Yes.

                . . .

THE COURT: No determination has been made about what your sentence will be. If I accept your guilty plea, a probation officer will interview you, investigate the facts of the case, and prepare a presentence investigation report. You will have a chance to read the report and to discuss it with your attorney before your sentencing. You may file objections to the presentence report if you wish. At the time of your sentencing, I will rule on any objections that you or the Government may have to the presentence report. I will then determine your advisory guideline range and your sentence.

                What you need to understand today about this process of determining your sentence is that this process has not yet begun. That means no [one] knows what advisory guideline range the probation officer will recommend or what advisory guideline range I will find applicable or what sentence I will impose. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: If the sentence that I should impose is greater than what you now expect or greater than the sentence that your lawyer or anyone else may have predicted, you will be bound by your guilty plea today regardless of your sentence. You will not be allowed to change your mind and withdraw your guilty plea because you are not satisfied with your sentence. Do you understand that?

THE DEFENDANT: Yes.

. . .

THE COURT: Mr. Khan, I want to go over the essential elements of the agreement with you now just to be sure that you understand all of it, the elements of the plea agreement.

. . .

THE COURT: In Paragraph 15, the parties state that the agreement carries with it the potential of a motion for downward departure under Section 5K1.1 of the Sentencing Guidelines. However, the defendant understands and agrees that whether such a motion is filed will be determined solely by the United States Government based on its judgment about whether the Government (sic) has provided substantial assistance.

Mr. Khan, what you need to understand about this provision of the plea agreement is, if the Government should decide not to file a motion for downward departure, there is nothing that you can do about it. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Pardon?

THE DEFENDANT: Yes.

THE COURT: Paragraph 16 provides that by fully cooperating, you will testify truthfully as a witness before any grand jury or trial jury, you will voluntarily attend interviews and conferences, you will provide truthful, complete, and accurate information, you will provide the Government all documents in your possession or subject to your control, you will make a full and complete disclosure of all of your assets.

In Paragraph 17, you acknowledge that normally, even though you're pleading guilty, you would have the right to appeal the sentence imposed or the manner in which

                it was determined and you would normally have a right to collaterally attack your conviction or sentence. In this agreement, however, you waive or give up both of those rights?

THE DEFENDANT: Yes.

THE COURT: As part of this plea agreement, do you wish to waive your right to appeal the sentence imposed and the manner in which it was determined?

THE DEFENDANT: Yes.

THE COURT: As a part of this plea agreement, do you wish to waive your right to collaterally attack your conviction or sentence by means of any post-conviction proceeding?

THE DEFENDANT: Yes.

. . .

THE COURT: Now, other than the factual basis for your guilty plea, which I will discuss in a minute, have I correctly described your plea agreement with the Government as you understand it?

THE DEFENDANT: Yes.

THE COURT: Other than what is stated in this plea agreement, has the United States Government made any promises to you in connection with your guilty plea?

THE DEFENDANT: No.

THE COURT: Has anyone threatened you or forced you to plead guilty?

THE DEFENDANT: No.

THE COURT: Has anyone promised you what sentence you will receive if you plead guilty?

THE DEFENDANT: No.

. . .

> THE COURT: Mr. Khan, how do you plead to Counts 1, 2, 3, 4, 5, 6, and 7 of the indictment, guilty or not guilty?
>
> THE DEFENDANT: Guilty.
>
> THE COURT: Counsel, do you think any other advice of rights is required before I can accept your client's guilty plea?
>
> MR. PRINCE: None, Your Honor.
>
> THE COURT: It is the finding of the Court that the defendant is fully competent and capable of entering an informed plea and that the defendant's plea of guilty is a knowing and voluntary plea supported by an independent basis-in-fact establishing each of the essential elements of the offense. I, therefore, accept your plea and now adjudge you guilty of Counts 1 through 7.

Transcript of Rearraignment, Docket Entry No. 20, p. 4 line 24 to p. 6 line 8; p. 9 line 1 to p. 12 line 15; p. 13 lines 19-21; p. 15 line 2 to p. 16 line 15; p. 17 lines 10-24; and p. 20 lines 7-20.

The Presentence Investigation Report calculated Khan's Total Offense Level as 43 and his Criminal History Category as I, which resulted in an advisory guideline range of life in prison. (Docket Entry No. 41) Because statutory maximums applied to the counts of conviction, the court imposed a below-guideline sentence of forty (40) years in prison. (Judgment in a Criminal Case, Docket Entry No. 48) On March 9, 2016, the United States Court of Appeals for the Fifth Circuit affirmed Khan's conviction and sentence (Docket Entry No. 74).

The court concludes that the government's Motion to Dismiss should be granted for two reasons. First, the court concludes that Khan knowingly and voluntarily waived his right to collaterally

-9-

attack his conviction and his sentence, and that the claims in his § 2255 Motion are subject to the waiver. Second, the court concludes that even if Khan had not waived his right to collaterally attack his conviction and sentence, the government's Motion to Dismiss should be granted because his claims have no merit. Khan's trial counsel, Wayman L. Prince, submitted a lengthy affidavit with supporting exhibits (Docket Entry No. 85). Prince's Affidavit and exhibits establish that Khan's attorney obtained from the government and reviewed with Khan numerous documents, including videos of Khan speaking with undercover government agents. The affidavit further contradicts Khan's allegations regarding erroneous sentencing advice. Moreover, Khan's claims are directly contradicted by his sworn testimony at his rearraignment. The court therefore concludes that Khan has not shown that his attorney failed to investigate and review discovery or that his attorney provided erroneous advice concerning the sentence that Khan would receive.

Accordingly the United States' Motion to Dismiss § 2255 Motion (Docket Entry No. 88) is **GRANTED**, and Khan's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 75) is **DISMISSED WITH PREJUDICE**.

**SIGNED** at Houston, Texas, on this the 7th day of March, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE